RECORD NO. 14-2358

IN THE

# United States Court of Appeals

## FOR THE FOURTH CIRCUIT

**ANDON, LLC and RECONCILING PEOPLE TOGETHER IN FAITH MINISTRIES, LLC,**

*Plaintiffs-Appellants,*

v.

**THE CITY OF NEWPORT NEWS,**

*Defendant-Appellee.*

OPENING BRIEF OF PLAINTIFFS-APPELLANTS

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA AT NEWPORT NEWS

Michael Bruce Ware
Adrienne Michelle Sakyi
SCHEMPF & WARE, PLLC
4000 George Washington
 Memorial Parkway
Yorktown, Virginia 23692
(757) 240-4000 (Telephone)
mware@4000law.com
asakyi@4000law.com

Counsel for Plaintiffs-Appellants

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. <u>14-2358</u>        Caption: <u>Andon LLC et al v. City of Newport News, Virginia</u>

Pursuant to FRAP 26.1 and Local Rule 26.1,

<u>Andon LLC</u>
(name of party/amicus)

who is <u>Appellant</u>, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.    Is party/amicus a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO

2.    Does party/amicus have any parent corporations?        ☐ YES ☑ NO
      If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?        ☐ YES ☑ NO
      If yes, identify all such owners:

10/28/2013 SCC                      - 1 -

4.    Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?   ☐ YES ☑ NO
If yes, identify entity and nature of interest:

5.    Is party a trade association? (amici curiae do not complete this question)  ☐ YES ☑ NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.    Does this case arise out of a bankruptcy proceeding?  ☐ YES ☑ NO
If yes, identify any trustee and the members of any creditors' committee:

Signature: _____    Date: 12-29-14

Counsel for: Andon LLC _____

## CERTIFICATE OF SERVICE
*****************************

I certify that on 12/29/14 _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

_____    12-29-14 _____
(signature)                                (date)

- 2 -

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of all parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. 14-2358 ___    Caption: Andon LLC et al v. City of Newport News, Virginia ___

Pursuant to FRAP 26.1 and Local Rule 26.1,

Reconciling People Together in Faith Ministries, LLC ___
(name of party/amicus)

___

who is ___ Appellant ___, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.    Is party/amicus a publicly held corporation or other publicly held entity?    ☐YES ☑NO

2.    Does party/amicus have any parent corporations?    ☐YES ☑NO
      If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?    ☐YES ☑NO
      If yes, identify all such owners:

4.    Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?    ☐ YES ☑ NO
      If yes, identify entity and nature of interest:

5.    Is party a trade association? (amici curiae do not complete this question)    ☐ YES ☑ NO
      If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.    Does this case arise out of a bankruptcy proceeding?    ☐ YES ☑ NO
      If yes, identify any trustee and the members of any creditors' committee:

Signature: _____    Date: 12-29-14

Counsel for: Reconciling People together in Faith Ministries, LLC

## CERTIFICATE OF SERVICE
*****************************

I certify that on ____12-29-14____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

_____          12-29-14
        (signature)                    (date)

- 2 -

# TABLE OF CONTENTS

**Page**

Corporate Disclosures

Table of Contents………………………………………………………….. i

Table of Authorities………………………………………………………….. ii

Jurisdictional Statement…………………………………………….…….... 1

Statement of the Issues…………………………………………………… 1

Statement of the Case……………………………………………........... 2

Statement of Facts…………………………………………………………… 3

Summary of the Argument………………………………………………... 8

Law and Argument………………………………………………………... 8

      Standard of Review……………………………………………… 8

      I. The trial court erred in finding that plaintiffs failed to plead
         sufficient facts to support a claim under the substantial burden
         prong of RLUIPA……………………………………………… 9

      II. The court abused its discretion in denying plaintiffs'
         request for leave to amend…………………………………….. 12

Conclusion…………………………………………………………….... 15

Request for Oral Arguments…………………………………………… 17

Certificate of Compliance……………………………………………... 18

Certificate of Service …………..…………………………………….... 19

i

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

## FEDERAL CASES

*Aziz v. Alcolac*,
   658 F. 3d 388 (4th Cir. 2011)……………………………………………. 9

*Bethel World Outreach Ministries v. Montgomery County Council*,
   706 F.3d 548 (4th. Cir. 2013)………………………………………… 10, 11

*Foman v. Davis*,
   371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)………………….. 13

*Francis v. Giacomelli*,
   588 F. 3d 186 (4th Cir. 2009)……………………………………………. 8

*HealthSouth Rehabilitation Hosp. v. American Nat'l Red Cross*,
   101 F.3d 1005 (4th Cir.1996)………………… …………………………. 9

*Johnson v. Oroweat Foods Co.*,
   785 F.2d 503 (4th Cir.1986)…………….................................... 13

*Saints Constantine & Helen Greek Orthodox Church*,
   396 F.3d 895 (7th Cir. 2005)…………………………………………… 15

*United States v. Ballard*,
   322 U.S. 78 (1944)………………………….................................. 15

## FEDERAL STATUTES AND RULES

28 U.S.C. § 636(c)………………………………………………..……. 1

42 U.S.C. § 2000c……………………………………………………... 10

Fed. R. Civ. P. 15(a)…………………………………………………... 12

Fed. R. App. P. 3………………………………………………….……. 1

## JURISDICTIONAL STATEMENT

This appeal arises from a final judgment of the United States District Court for the Eastern District of Virginia, Newport News Division, District Court Judge Robert G. Doumar, presiding. Appellant filed a Complaint on June 26, 2014 in the United States District Court for the Eastern District of Virginia. The Appellee, City of Newport News responded with a Motion to Dismiss and brief in support on July 28, 2014. Appellant filed their response on August 18, 2014, pursuant to an order extending the briefing schedule, and Appellant specifically requested leave to amend in the event the Appellee's motion was granted. JA 73. The Appellee filed its rebuttal on August 25, 2014. The Appellee's Motion to Dismiss was heard by the court on November 12, 2014. The Court entered an Opinion and Order granting Appellee's Motion to Dismiss and dismissing Appellants Complaint with prejudice on November 20, 2014. The Plaintiffs-Appellants filed their Notice of Appeal in accordance with Fed. R. App. P. 3 on December 12, 2014. Because this appeal is from a final judgment of a United States District Court, this Court of Appeals has appellate jurisdiction to hear this matter pursuant to 28 U.S.C. § 636(c).

## STATEMENT OF THE ISSUES

1) Whether the trial court erred in finding that Plaintiffs failed to plead sufficient facts to support a claim under the substantial burden prong of RLUIPA.

1

2)      Whether the Court erred in denying Plaintiffs' request for leave to amend their Complaint.

## STATEMENT OF THE CASE

This is a case that arose out of the Defendant-Appellee City of Newport News, Virginia's ("the City") denial of an application by the Plaintiff, Andon LLC, a landowner in Newport News, Virginia for a variance from a buffer requirement to allow operation of a congregation by Appellant-Plaintiff, Reconciling People Together in Faith LLC ("the Congregation" or cumulatively, "the Plaintiffs") at the Property.  The Application for a Variance was heard by the City of Newport News Board of Zoning Appeals on April 16, 2013 and such application was denied. After the City's denial of the application for a variance, Plaintiffs appealed the decision to the Circuit Court for the City of Newport News. On November 1, 2013, Judge David Pugh of the Circuit Court for the City of Newport News entered an order affirming the decision of the Board of Zoning Appeals.

Plaintiffs commenced an independent action in the United States District Court on June 26, 2014 based on a violation of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc et. seq. by the City of Newport News. The City responded with a Motion to Dismiss and brief in support on July 28, 2014. Plaintiffs filed their Memorandum in Opposition on August 18, 2014, pursuant to an order extending the briefing schedule. The City

2

filed its rebuttal on August 25, 2014. The Honorable Judge Doumar heard oral arguments of the City's Motion to Dismiss on November 12, 2014 and took the matter under advisement. On November 20, 2014, the Court entered an Opinion and Order granting the City's Motion to Dismiss with prejudice. Thereafter, Plaintiffs filed this appeal.

## **STATEMENT OF FACTS**

Plaintiff-Appellant, Andon LLC is the owner of the land and building located at 6212 Jefferson Avenue, Newport News, Virginia 23605 (hereinafter "Property"). Plaintiff-Appellant, Reconciling People Together In Faith Ministries, LLC, (hereinafter "Congregation"), is a small congregation in Virginia, seeking a permanent church location in the City of Newport News.  In furtherance of such, the Congregation entered into a lease for the Property contingent on requisite City approval of an Application for a Variance from a buffer requirement. JA 8. The Property is zoned C1 Retail Commercial. JA 7-8. Under the Code of Newport News, operation of a church in a C1 Retail Commercial Property is a permitted use if certain requirements are met including a buffer requirement.

I.    <u>Code of Newport News</u>

Chapter 45 of Newport News' Municipal Code governs zoning within the City's jurisdiction. In accordance with Newport News Code § 45-402, use of C1

3

zoned property, such as the Property in this case, as a Church, Synagogue, or other house of worship is a permitted use.  JA 33.

Pursuant to Newport News Code § 45-519, churches may be operated in cases where:

a.     Access is provided from a public street directly to the property;

b.     No use is operated for commercial gain;

c.     No building or structure, nor accessory building or structure is located within one hundred (100) feet of any side or rear property line which is zoned single-family residential; and

d.     Any parking lot or street serving such use is located twenty-five (25) feet or more  from a side or rear property line zoned single-family residential.

JA 16.

Pursuant to Newport News Code §45-3203(c)(1), the Newport News Board of Zoning Appeals may approve an application for a variance from zoning requirements upon making the following specific findings:

a.     That the subject property was acquired in good faith;

b.     That by reason of the exceptional narrowness, shallowness, size or shape of a specific piece of property at the time of the effective date of this chapter, or where by reason of exceptional topographic conditions or other extraordinary situation or condition of such piece of property, or of the use or development of property immediately adjacent thereto, the strict application of the terms of this chapter would effectively prohibit or unreasonably restrict the use of property.

JA 17.

4

II.    The Subject Property

The Property is 12,503 square feet and bordered by South Avenue on the North, Jefferson Avenue on the West, a large government drainage ditch on the South, and a residential lot on the East. It is zoned C1 Retail Commercial. The Property is uniquely isolated in its commercial zoning due to a city-wide rezoning, which included the neighborhood surrounding the property in the 1990s. JA 7-8. The Property provides for direct access to the building from South Street, satisfying Newport News Code § 45-519(a). JA 7. The Property's parking lot is more than twenty-five (25) feet from the property lines of all neighboring single-family residential zoned lots in satisfaction of Newport News Code § 45-519(d). JA 7.

Accordingly, the only matter that required a Variance from the City of Newport News was the buffer requirement. The Property's building is located thirty-three (33) feet, eighty-five (85) feet, and eighty (80) feet away from the rear and side property lines of the neighboring single-family residential zoned lots, violating the Newport News Code § 45-519(c) one hundred (100) foot buffer requirement. JA 33.

III.    The Variance Application

On March 4, 2013, Andon, LLC filed an Application for Variance to Zoning Ordinance Newport News Code § 45-519(c) with the Newport News Board of

5

Zoning Appeals pursuant to Newport News Code § 45-3203. Andon, LLC included in this application a letter from the neighboring single-family residential zoned lots inside the buffer, as well as other neighbors in the neighborhood, indicating that the owner was not opposed to the use of the Property as a church and an affidavit from Pastor Terry stating the Congregation's difficulty in finding a suitable worship space.

Prior to filing the Variance Application, Mr. Don Ligon of Andon LLC received a verbal indication from the Zoning Administrator in Codes Compliance that a variance application to put a church at 6212 Jefferson Avenue, Newport News, Virginia would not be approved by the Board of Zoning Appeals, which is the separate entity responsible for actually adjudicating Variance Applications.

On April 9, 2013, staff from the City of Newport News Codes and Compliance filed a Staff Report that recommended denial of Andon, LLC's application based on an alleged failure to prove undue hardship that did not affect other similarly zoned properties. JA 33 et seq.

The Newport News Board of Zoning Appeals voted 3-1 to deny the Variance Application on April 16, 2013 and one member recused himself from deliberations. The only written explanation from the Board regarding the decision

was that the Variance Application was denied "due to the applicant not demonstrating an undue hardship." JA 40.

IV.    <u>The Congregation</u>

The Congregation was formed in June of 2012 by Pastor Walter T. Terry, Jr. (hereinafter "Pastor Terry"), a local minister. JA 31. The Congregation currently meets at Pastor Terry's local business that is not located in the City of Newport News and conducts ministry at a local prison. JA 31.However, the business does not have the appropriate size or amenities for the Congregation to continue using the business as a meeting location. JA 31. On November 28, 2012, the Congregation entered into a lease with Andon, LLC, to lease the Property as a church, contingent on requisite City approval. JA 31. Until finding and signing a lease with Andon, LLC, the Congregation could not find a location to worship that was the appropriate size, location, and price. JA 31.

The Pastor of the Congregation signed an affidavit that was provided to the City of Newport News at the Board of Zoning Appeals, which stated in relevant part, i) the Congregation could not find a location that was the appropriate size, location and price for the small congregation, ii) he has a spiritual calling to make the church home in Newport News, and iii) the Congregation is prepared to immediately occupy the property. JA 31.

## SUMMARY OF THE ARGUMENT

The trial court erred in finding that Plaintiffs failed to plead sufficient facts to support a claim under the substantial burden prong of RLUIPA because the losses incurred by the church were not sufficient to meet the substantial burden requirement. The cumulative allegations alleged by Plaintiffs support a substantial burden claim under RLUIPA in their statement of their damages, spiritual callings, and other losses.

In the event the Plaintiffs failed to plead sufficient facts and information in their Complaint, Plaintiffs specifically requested leave to amend in the event the Court found that Plaintiffs' Complaint was not sufficient. JA 73.  The Court abused its discretion by denying such request as amendment would not be futile.

The Court held that both Andon LLC and the Congregation have standing to bring a claim under the Religious Land Use and Institutionalized Persons Act of 2000 and this holding was not appealed by the Appellee.

## LAW AND ARGUMENT

### Standard of Review

The District Court's dismissal of the matter pursuant to a Motion to Dismiss is subject to *de novo* review. *Francis v. Giacomelli*, 588 F. 3d 186, 190 (4th Cir. 2009).

The District Court's refusal to grant Plaintiffs' request for leave to amend is subject to review for abuse of discretion. *HealthSouth Rehabilitation Hosp. v. American Nat'l Red Cross*, 101 F.3d 1005, 1010 (4th Cir.1996).

## Discussion of the Issues

## I. THE TRIAL COURT ERRED IN FINDING THAT PLAINTIFFS FAILED TO PLEAD SUFFICIENT FACTS TO SUPPORT A CLAIM UNDER THE SUBSTANTIAL BURDEN PRONG OF RLUIPA

The cumulative allegations alleged by Plaintiffs support a substantial burden claim under RLUIPA pursuant to the substantial hardship prong. At this early juncture of the litigation all factual matters pled by Plaintiff were to be taken as true. *Aziz v. Alcolac*, 658 F. 3d 388, 391 (4th Cir. 2011). Plaintiffs were not given any opportunity to present evidence, but they did provide an affidavit from the Congregation's pastor proffering the hardship and inability to find a place of worship and the religious calling to bring their message to the City of Newport News in addition to the other exhibits attached to Plaintiffs' Complaint.

In granting the City's Motion to Dismiss, the Court found that Plaintiffs failed to establish a substantial burden because the losses incurred by the church were not sufficient to meet the substantial burden requirement.

RLUIPA states in relevant part:

"(a) Substantial burdens

(1) General rule

No government shall impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, unless the government demonstrates that imposition of the burden on that person, assembly, or institution—

(A) is in furtherance of a compelling governmental interest; and

(B) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc(a).

A substantial burden is akin to significant pressure which directly coerces the religious adherent to conform his or her behavior accordingly. *Bethel World Outreach Ministries v. Montgomery County Council*, 706 F.3d 548 (4th. Cir. 2013). A land-use regulation that imposes a substantial burden on religious exercise is one that necessarily bears direct, primary, and fundamental responsibility for rendering religious exercise—including the use of real property for the purpose thereof within the regulated jurisdiction generally—effectively impracticable. *Id*. While a court can arbiter the sincerity of an individual's religious beliefs that is being burdened, courts should not inquire into the truth or falsity of stated religious beliefs and a church's profession that its religious beliefs require a certain arrangement, such as holding one service all together rather than

10

three separate ones, must be taken as true. *United States v. Ballard*, 322 U.S. 78, 86–87 (1944).

In this case, there was no evidence presented, but Plaintiffs pled that they have suffered delay in obtaining a viable worship location and uncertainty as to whether or not the Congregation will be able to go forward with the lease at the Property. JA 11. Plaintiffs pled that the Congregation's religious exercise at the Property was effectively impracticable. JA 11. Plaintiffs pled that they are still resorting to meeting in a local business without the necessary size or amenities. JA 31. Plaintiffs pled that the Congregation believes that God has chosen this property as their new church home. JA 31. Finally, they pled that they were unable to find any other location in City of Newport News for their Congregation. JA 31. In sum, the Congregation pleads that it is currently deprived of the ability to use the Property for religious exercise and has suffered delay, expense, and uncertainty. The Fourth Circuit has found it significant whether a religious entity is fully prevented from operating at a property as a church rather than merely limited or otherwise restricted. *Bethel World Outreach Ministries v. Montgomery Cnty. Council*, 706 F.3d 548, 558 (4th Cir. 2013).

The precise requirement for a lessee to prove a sufficient substantial burden under RLUIPA is a matter of first impression in the Fourth Circuit. The District Court found that the Congregation's losses were not sufficient to constitute a

11

substantial burden largely because the lease was prospective rather than irreversibly binding. The Court's reasoning would require religious organizations to take on financial obligations that could result in financial ruin prior to having sufficient grounds to effectively wage a RLUIPA claim. For example, in this case, Andon LLC entered into a fair contingent lease with the Congregation. If the Congregation entered into a lease not contingent on City approval, the Congregation would have been obligated for a year of rent on a lease for property that the City could prevent them from using as a church. Under the Court's reasoning, the fact that the Congregation would have to void a lease would be more likely to show a substantial burden. JA 137. However, requiring religion organizations to become so significantly financially at risk to have sufficient investment to warrant finding of a substantial burden is not reasonable.

Because Plaintiffs have pled sufficient facts to satisfy the substantial burden requirement under RLUIPA, the Court erred by granting the City's Motion to Dismiss and finding that Plaintiffs failed to state a claim.

## II. THE COURT ABUSED ITS DISCRETION IN DENYING PLAINTIFFS' REQUEST FOR LEAVE TO AMEND

Plaintiffs specifically requested leave to amend in the event the Court found that Plaintiffs' Complaint was not sufficient. JA 73. The Court further erred and abused its discretion by denying such request as amendment would not be futile.

12

Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ.P. 15(a). The Supreme Court has declared that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The law is well settled "that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509(4th Cir.1986).

In this case, due to the early stage of the litigation, it appears that prejudice to the City was not a consideration and there have not been any allegations of bad faith on the part of the Plaintiffs. The basis of the Court's holding was that amendment of the Complaint would be futile. During the hearing on the City's Motion to Dismiss, the Court stated, "Just questioning whether it's worth having the right to amend almost everything under a motion to dismiss. But there have been factual introductions in this motion." JA 118. In the Order, the Court stated that Plaintiffs could not plausibly allege a substantial burden because "the costs incurred by the Congregation's delay and uncertainty in locating a worship space can be attributed simply to the difficulties associated with finding an affordable property in an urban market." JA 139.

13

The Court makes various factual leaps in its Opinion that were not plead by the Plaintiffs that show the need for allowance of Plaintiffs' amendment of their Complaint. Plaintiffs should be provided the opportunity to make pleadings that address these issues as well as eventually present evidence on the issues. First, the Court stated in a footnote of its opinion, "In addition to the allegations made in its Complaint, Plaintiffs also attach a map showing the respective zoning districts of the properties neighboring the Property. Although the map does not specify which properties are available for purchase and whether the physical conditions of these properties allow the use of a church, many of the surrounding properties possess zoning designations that would support the operation of a church. As a result, the Court can assume that zoning districts exist within Newport News that would support the use of a Church." JA 139 (citation omitted). The purpose of allowing matters to go forward in litigation in this type of case is for the Court to receive the information that it is stating it does not have and also about which the Court is making assumptions.

Second, the Court states that the Congregation did not have a reasonable expectation of the operation of the property as a church in part because of the initial conversation with the Zoning Administrator that "revealed that the City would reject any variance application to build a church at the Property." JA 138. However, there was no evidence before the Court as to whether this information

14

was provided to the Plaintiffs prior to entering into the lease, which is clearly relevant to the Congregation's knowledge or other information that would reflect upon the Congregation's reasonable expectation.

Third, the Court rejects Plaintiffs' reliance on *Saints Constantine & Helen Greek Orthodox Church*, 396 F.3d 895 (7th Cir. 2005), in part by stating that "there is no doubt regarding the propriety of the City's motives in the present case." JA 137. Again, the Court made this conclusion without the benefit of any testimony or evidentiary hearing.

These are simply examples of the factual matters that were concluded by the Court without any evidentiary hearing. This matter was termination at a premature stage which was too preliminary to provide the Court with all of the information necessary to make a finding on the viability of Plaintiffs' RLUIPA claim. Accordingly, the Court abused its discretion by denying Plaintiffs' request to amend its Complaint.

## **CONCLUSION**

For all the reasons stated above, the Opinion and Order entered on November 20, 2014 by the Honorable Robert G. Doumar, United States District Court Judge, United States District Court for the Eastern District Court, should be

reversed and Andon LLC and People Reconciling Together In Faith Ministries, LLC should be allowed to proceed to trial.

The Appellant further requests any relief or remedy that this Honorable Court deems just.

# <u>REQUEST FOR ORAL ARGUMENT</u>

Pursuant to Federal Rule of Appellate Procedure 34(a), for the reasons set forth in this Brief, the Plaintiff-Appellant respectfully requests that this Honorable Court of Appeals grant oral argument on the issues and arguments presented.

**RESPECTFULLY SUBMITTED,**

**ANDON, LLC**
**RECONCILING PEOPLE TOGETHER**
**IN FAITH MINISTRIES, LLC**

By:_____/s/_____
Michael B. Ware, Esq. (VSB #25401)
Adrienne M. Sakyi, Esq. (VSB # 80889)
Counsel for Plaintiffs-Appellants
**SCHEMPF & WARE, PLLC**
4000 George Washington Memorial Highway
Yorktown, VA  23692
Telephone:  (757) 240-4000
Facsimile:   (757) 240-4001
Email:        mware@4000law.com

17

## <u>CERTIFICATE OF COMPLIANCE</u>

1.     The undersigned hereby certifies that this Brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) and that it contains 3,358 words, excluding the parts of the Brief exempted by Fed. R. App. P. 32(a)(7)(B)(III).

2.     The undersigned certifies that this Brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) in that 14 point font has been used herein with proportional typeface, Times New Roman.

By:_____/s/_____
Michael B. Ware, Esq. (VSB #25401)
Adrienne M. Sakyi, Esq. (VSB # 80889)
Counsel for Plaintiffs-Appellants
**SCHEMPF & WARE, PLLC**
4000 George Washington Memorial Highway
Yorktown, VA  23692
Telephone:  (757) 240-4000
Facsimile:   (757) 240-4001
Email:        mware@4000law.com

## CERTIFICATE OF SERVICE

I certify that on the 23 day of February 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and counsel delivered eight (8) copies of the foregoing with the Clerk of the Court, which will send a notification of electronic filing (NEF) to the following registered CM/ECF user:

> Darlene P. Bradberry, Esq.
> Deputy City Attorney
> Newport News City Attorney's Office
> 2400 Washington Avenue, 9th Floor
> Newport News, VA  23607
> dbradberry@nngov.com

> By:_____/s/_____
> Michael B. Ware, Esq. (VSB #25401)
> Adrienne M. Sakyi, Esq. (VSB # 80889)
> Counsel for Plaintiffs-Appellants
> **SCHEMPF & WARE, PLLC**
> 4000 George Washington Memorial Highway
> Yorktown, VA  23692
> Telephone:  (757) 240-4000
> Facsimile:  (757) 240-4001
> Email:      mware@4000law.com